IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PATRICK DUNNIGAN,** :  :  Petitioner : :  v. : : **PENNSYLVANIA BOARD OF PROBATION & PAROLE,** *et al.*, : :  Respondents : | **CIVIL NO. 1:CV-12-00235** **(Judge Rambo)** |

## M E M O R A N D U M

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by Petitioner Patrick Dunnigan ("Dunnigan"), an inmate currently incarcerated at the State Correctional Institution in Coal Township, Pennsylvania ("SCI-Coal Township").[1]  Dunnigan claims that the Pennsylvania Board of Probation and Parole ("Board") unlawfully lodged a detainer against him in violation of his due process rights.  For the reasons that follow, the petition will be denied.

**I.     Background**

Respondents have submitted the declaration of Kimberly Barkley, the Board Secretary, in support of the following background.  (Doc. 10-1, Barkley Decl., Ex. A.)

---

[1] Dunnigan is currently incarcerated at SCI-Coal Township as a parole violator pending. (Doc. 10-1 ¶ 14, Barkley Decl., Ex. A.)

On September 28, 2009, Dunnigan was sentenced to a term of imprisonment of two (2) to five (5) years after violating the Adams County, Pennsylvania intermediate punishment program for his convictions of Driving Under the Influence and Simple Assault. (*Id.* ¶ 6.) Dunnigan's minimum sentence date expired on April 7, 2010 and his maximum sentence date expires on April 7, 2013. (*Id.* ¶ 7.)

On October 25, 2010, the Board released Dunnigan on parole. (*Id.* ¶ 8.) On September 14, 2011, while still on parole, Dunnigan assaulted a man while he was working at a fairgrounds in the state of Maryland. (*Id.* ¶ 9.) As a result, Dunnigan was charged with Assault in the Second Degree, Malicious Destruction of Property, and Reckless Endangerment, in the District Court of Maryland for Charles County, Maryland. (*Id.* ¶ 10.)

On September 27, 2011, the Board arrested Dunnigan and subsequently lodged a detainer against him based on these new criminal charges. (*Id.* ¶ 11.) On October 21, 2011, the Board held a detention hearing for Dunnigan, presided over by a Board Hearing Examiner. (*Id.* ¶ 11.) Dunnigan was represented by counsel at this hearing. (*Id.*) On November 22, 2011, the Board issued an administrative decision to detain Dunnigan pending the disposition of his criminal charges in Maryland. (*Id.* ¶ 13.)

Dunnigan's criminal charges in the state of Maryland remain pending. (*Id.* ¶ 15.) Further, the Board has made Maryland authorities aware of Dunnigan's presence in Pennsylvania and his availability for extradition. (*Id.* ¶ 16.)

Dunnigan filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 7, 2012. (Doc. 1.) On February 23, 2012, an order to show cause was issued, directing the Respondents to answer the petition. (Doc. 7.) After being granted an extension of time to respond, (*see* Doc. 9), Respondents filed an answer and supporting memorandum of law on April 11, 2012, (Docs. 10 & 11). This matter is now ripe for disposition.

**II.   Discussion**

In his petition, Dunnigan claims that he is entitled to habeas relief because Respondents are incarcerating him in violation of his due process rights. Specifically, Dunnigan alleges that Respondents are detaining him pending disposition of the criminal charges in Maryland, but this detention is preventing him from traveling to Maryland to defend against the pending Maryland criminal charges.

A state prisoner cannot obtain habeas relief in federal court unless: (1) he has exhausted the remedies available in state court, (2) there is an absence of available

3

State corrective process, or (3) circumstances exist that render such process ineffective to protect the rights of the applicant.  28 U.S.C. § 2254(b)(1).  This statutory provision has been interpreted to require a federal habeas petitioner to present the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004).  A petitioner bears the burden of establishing that all available state remedies have been exhausted.  *Parker v. Kelchner*, 429 F.3d 58, 62 (3d Cir. 2005).  A petitioner cannot avoid this responsibility merely by suggesting that he is unlikely to succeed in seeking state relief, since it is well-settled that a claim of "likely futility on the merits does not excuse failure to exhaust a claim in state court."  *Parker v. Kelchner*, 429 F.3d 58, 63 (3d Cir. 2005).  Further, a petitioner will not be deemed to have exhausted state remedies as long as he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).

     In Pennsylvania, a state inmate may appeal an adverse decision by the Pennsylvania Board of Probation and Parole to the Commonwealth Court.  *See Williams v. Wynder*, 232 F. App'x 177, 178 (3d Cir. 2007).  If the Commonwealth Court does not grant the relief a state inmate seeks, he or she may file a petition for

allowance of appeal with the Supreme Court of Pennsylvania. *See id*. If the inmate fails to seek review from the Supreme Court of Pennsylvania, then the state claim is unexhausted.[2] *See id.* at 181.

In the instant case, Dunnigan claims that the Board has unlawfully lodged a detainer against him in lieu of his new criminal charges in Maryland. However, Dunnigan has failed to plead that he has attempted to exhaust his state court remedies with respect to this issue in any state court in Pennsylvania. For example, Dunnigan has failed to show that he filed a petition for writ of mandamus in the Commonwealth Court's original jurisdiction to challenge the Board's detainer. *See Bellochio v. Pennsylvania Bd. of Prob. & Parole*, 559 A.2d 1024 (Pa. Commw. Ct. 1989) (petitioner filed a petition for review in Commonwealth Court seeking an order declaring a detainer invalid). In addition, Dunnigan has failed to challenge the Board's detainer in the Court of Common Pleas where the nexus of the underlying transaction took place. *Kester v. Pennsylvania Bd. of Prob. & Parole*, 609 A.2d 622, 626 (Pa. Commw. Ct. 1992) (conferring jurisdiction on the court of common pleas for

---

[2] Although the Supreme Court of Pennsylvania declared by Order No. 218 dated May 9, 2000 that federal habeas petitioners do not have to appeal to the Supreme Court to satisfy the exhaustion requirement, this Order is inapplicable to petitioners seeking review of a decision by the Commonwealth Court involving a challenge to actions by the Pennsylvania Board of Probation and Parole. *See Williams*, 232 F. App'x at 180.

petition seeking relief from an allegedly illegal detention resulting from a Board detainer). To that end, under Pennsylvania law, a state habeas court has the authority to inquire into Dunnigan's continued detention if that detention violated any state statute, regulation, or provision of the United States or Pennsylvania Constitution. 42 Pa. Cons. Stat. § 6502 ("Any judge of a court or record may issue the writ of habeas corpus to inquire into the cause of detention of any person or for any other lawful purpose.").

In light of the facts presented in this case, it is clear that Dunnigan's failure to pursue available state remedies is fatal to the instant petition.[3] Since he has failed to exhaust his state remedies, his petition will be denied. *See, e.g.*, *Warwick v. Miner*, 257 F. App'x 475 (3d Cir. 2007); *Williams*, 232 F. App'x 177; *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001).

---

[3] In his petition, Dunnigan cites *DeFoy v. McCullough*, 393 F.3d 439 (3d Cir. 2005) to argue that he has no state court remedies by which to assert that the Board's actions are unconstitutional. (Doc. 1 at 3.) In *DeFoy*, the Third Circuit Court of Appeals concluded that there is often no available state court remedy for a petitioner who is challenging a decision to deny him parole, and thus a petitioner need not exhaust state court remedies prior to filing a federal habeas action. *Id.* at 443-5. *DeFoy*, however, is not applicable to the instant habeas petition because Dunnigan is not challenging the denial of his parole on constitutional grounds. Rather, he is challenging his detention pending disposition of the criminal charges in Maryland. A petition for writ of mandamus filed in the Commonwealth Court or a petition for writ of habeas corpus filed in a court of common pleas, therefore, remain available state remedies for Dunnigan's claim.

**III.   Conclusion**

For the reasons set forth above, the court will deny Dunnigan's petition for writ of habeas corpus.

An appropriate order will issue.

                                                 s/Sylvia H. Rambo
                                                 United States District Judge

Dated:  May 17, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICK DUNNIGAN,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-12-00235 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **PENNSYLVANIA BOARD OF** | : | |
| **PROBATION & PAROLE,** *et al.*, | : | |
| | : | |
| Respondents | : | |

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

2) The Clerk of Court is directed to **CLOSE** this case.

3) There is no basis for the issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c).

                                                  s/Sylvia H. Rambo
                                                  United States District Judge

Dated: May 17, 2012.